IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MAURO CASTANEDA PALACIO | § | |
| | § | |
| V. | § | CAUSE NO. A-18-CV-841-SS |
| | § | [A-03-CR-302-SS] |
| UNITED STATES OF AMERICA | § | |

## ORDER

BE IT REMEMBERED on this day, the Court reviewed the file in the above-styled cause, and specifically Movant Mauro Castaneda Palacio's pro se Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (ECF No. 172). Having considered the motion, the governing law, and the file as a whole, the Court now enters the following opinion and order denying in part and dismissing in part Palacio's motion.

### Background

Palacio was charged by supereceding indictment with one count of attempted enticement of a child, in violation of 18 U.S.C. § 2422(b). (ECF No. 34). Palacio pleaded not guilty and proceeded to trial. After deliberating for less than one hour, a jury found him guilty as charged on November 2, 2004. (ECF No. 60). A Presentence Investigation Report ("PSR") was prepared. (ECF No. 119). Based on an offense level of 21 and a criminal history category of II, the PSR calculated a guideline sentencing range of 41 to 51 months' imprisonment, noting the statutory mandatory minimum sentence of 60 months' imprisonment. (ECF No. 119 at 11). The PSR further noted Palacio had "engaged in a pattern of activity involving the enticement (or attempted enticement) of a child," and also noted he was "on bond for a similar offense at the time he committed the offense of conviction." (ECF No. 119 at 14). The PSR stated Palacio, who was then

38 years of age, had advised his victim he had sexual relationships with his 16 year-old girlfriend and a 13 year-old minor. (*Id.*). The PSR noted these facts were not taken into account by the United States Sentencing Guidelines with regard to the applicable sentencing guidelines range. (*Id.*).

On January 15, 2014, Palacio was sentenced to a term of 10 years in state prison pursuant to his conviction for criminal solicitation of a minor. (ECF No. 119 at 7). At his federal sentencing, the Government asked the Court to depart upward from the relevant sentencing guideline range and to order Palacio's federal sentence be served consecutively to the sentence imposed by the state court. On February 2, 2005, the Court sentenced Palacio to a term of 120 months' imprisonment and ten years of supervised release, and ordered the term of imprisonment be served consecutively to the term imposed by the state court. (ECF No. 68). The Fifth Circuit Court of Appeals affirmed the judgment of the District Court. (ECF No. 79). Palacio filed a motion to vacate pursuant to § 2255, which was denied on February 21, 2007. (ECF Nos. 83 & 88).

Palacio was released from confinement to community supervision on July 18, 2016. (ECF No. 142). On July 27, 2017, the Government petitioned to revoke community supervision, alleging Palacio had solicited a minor to meet with the intent of engaging in sexual contact and he violated a special condition of supervision by possessing or using a computer or electronic device capable of accessing the Internet. (*Id.*). At the conclusion of a hearing on September 29, 2017, the Court revoked Palacio's community supervision and sentenced him to a term of 24 months' incarceration and ten years of supervised release. (ECF No. 167). Palacio did not file a direct appeal.

In his pending motion to vacate, executed September 28, 2018, Palacio asserts he was denied the effective assistance of counsel in his initial criminal proceedings. (ECF No. 172 at 4). He further asserts his Fourth Amendment rights were violated in his revocation proceedings,

2

arguing the Probation Officer lacked probable cause to secure a warrant for Palacio's arrest. (ECF No. 172 at 5). Palacio also contends he was subjected to unreasonable conditions of supervised release. (ECF No. 172 at 6-7).

## Analysis

### I. Section 2255-Legal Standard

Generally, there are four grounds upon which a defendant may move to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255: (1) the imposition of a sentence in violation of the Constitution or the laws of the United States; (2) the district court imposing the sentence lacked jurisdiction; (3) the imposition of a sentence in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996).

### II. Application

#### A. Ineffective assistance of counsel

In Ground One, Palacio complains of ineffective assistance of counsel with respect to his original sentence. To the extent Palacio challenges his original conviction his motion is successive and must be dismissed. Palacio has not obtained prior approval to file a successive motion. *See United States v. Fulton*, 780 F.3d 683 (5th Cir. 2015) (holding the district court does not have jurisdiction to consider a successive § 2255 motion and remanding to the district court with instructions to dismiss the successive motion for want of jurisdiction).

#### B. Fourth Amendment

In his second claim for relief Palacio complains of a "Fourth Amendment violation" with regard to the revocation of his supervised release. He asserts the affidavit supporting the arrest

3

warrant was insufficient to establish probable cause and misrepresented or omitted material information. In his reply, Palacio alleges:

> . . . his Probation Officer petitioned the district court for a no-bail bench warrant and an Order to show cause why supervised release should not be revoked. The factual allegations in the petition for warrant or summons for offender under supervision were not sworn under Oath. Because the warrant here was not based on sworn facts, the district court lacked jurisdiction to revoke Petitioner's supervised release.

(ECF No. 185 at 3).

Palacio has procedurally defaulted his Fourth Amendment claim by failing to raise the claim in an appeal. A movant may not raise an issue for the first time on collateral review without showing both cause for his procedural default of the claim and actual prejudice resulting from the error. *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). The movant may also achieve consideration of the claim if the failure to consider it would result in a complete miscarriage of justice. *Id.* at 232 n.7 (citing *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981)). If the movant does not meet his burden of showing cause and prejudice, or a fundamental miscarriage of justice, he is procedurally barred from attacking his conviction or sentence on the basis of the defaulted claim. *United States v. Drobny*, 955 F.2d 990, 994-95 (5th Cir. 1992).

Palacio makes no proffer of cause for his procedural default of his Fourth Amendment claim. In response to the allegation he procedurally defaulted this claim, Palacio argues Fourth Amendment claims may be raised for the first time in a motion to vacate, citing *United States v. Spawr Optical Research, Inc.*, 864 F.2d 1467, 1471 (9th Cir. 1988). *Spawr* is not on point, as it implies a movant must show cause and prejudice for the failure to initially raise a claim on appeal and denies the asserted claims because the defendants could not meet "even the slightest burden

of showing the materiality of the alleged trial defects, or the prejudice caused thereby . . ." *Id.* at 1471-72.

Furthermore, Palacio is unable to establish prejudice arising from his procedural default, nor can he establish a miscarriage of justice will occur absent consideration of the merits of the claim. Warrants for the arrest of persons on supervised release are not governed by the same constitutional requirements as warrants for the arrest of persons not yet convicted of federal crimes. *See United States v. Garcia-Avalino*, 444 F.3d 444, 446-47 (5th Cir. 2006). Individuals serving a term of community supervision "do not enjoy the full spate of constitutional rights enjoyed by criminal defendants." *Id.* In *Garcia-Avalino* the Fifth Circuit held "a warrant for the arrest of a supervised releasee need not comply with the Oath or affirmation clause of the Fourth Amendment." *Id.* at 447. In this matter, the sworn complaint and arrest warrant from the underlying state offense established the alleged violations of conditions of Palacio's supervised release to a higher degree of legal proof than probable cause and, accordingly, there was probable cause for the issuance of the warrant.

### C. Conditions of Release

Palacio challenges the imposition of the standard terms of supervision numbered 3, 9, 10, 13, and the special conditions of supervision numbered 3, 4, 6, and 9. He alleges "the re-imposed, the new and the unnamed Standard and Additional conditions of supervised release violate[] his First, Fourth and Fifth Amendment rights." (ECF No. 185 at 4). Palacio argues the standard conditions were imposed without reason, notice, or findings, and the conditions are "vague, overbroad, and/or [an] excessive deprivation of his liberties." *Id.* He further asserts the special conditions were imposed without reason and argues these conditions "obstruct Petitioner's

legitimate exercise of his First, Fourth and Fifth Amendment privileges." (ECF No. 185 at 4-5). He argues the conditions violate his rights because the judge did not consider the factors stated in 18 U.S.C. § 3553(a) and because he was not provided advance notice of the conditions before they were imposed.

Palacio procedurally defaulted these claims by failing to raise them on appeal. In response to the allegation he procedurally defaulted these claims, Palacio asserts: "certain Constitutional[] claims, including Petitioner's claims, may be raised initially in a § 2255 motion, this argument is not procedurally defaulted." (ECF No. 185 at 4). This is not an accurate statement of the controlling law: "A section 2255 movant who fails to raise a constitutional or jurisdictional issue on direct appeal waives the issue for a collateral attack . . . unless there is cause for the default and prejudice as a result." *United States v. Kallestad*, 236 F.3d 225, 227 (5th Cir. 2000). Palacio fails to show cause for or prejudice arising from his procedural default of his claims regarding the imposed conditions of supervised release.

Furthermore, these claims are without merit. The Court has wide discretion to impose any condition of supervised release it deems appropriate. 18 U.S.C. § 3583(d). This discretion is circumscribed by only three considerations. The first limitation requires the condition to be "reasonably related to the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D)." 18 U.S.C. §3583(d)(1). These factors include: "the nature and circumstances of the offense and the history and characteristics of the defendant;" the need "to afford adequate deterrence to criminal conduct;" the need "to protect the public from further crimes of the defendant;" and the need "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C.

§§ 3553(a)(1) & 3553(a)(2)(B)-(D). The second limitation states the condition "cannot involve a greater deprivation of liberty than is reasonably necessary to achieve the latter three statutory goals." *United States v. Paul*, 274 F.3d 155, 165 (5th Cir. 2001) (citing 18 U.S.C. § 3583(d)(2)). The third limitation on the Court's discretion requires the condition to be consistent with any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(a). *See* 18 U.S.C. § 3583(d)(3).

Palacio challenges the standard terms of supervision which require him to answer truthfully all inquiries by his Probation Officer and to obey all instructions from his Probation Officer; prohibit him from associating with anyone involved in criminal activity or convicted of a felony unless he is granted permission to do so by his Probation Officer; to allow his Probation Officer to visit him at any time and allow his Probation Officer to confiscate any contraband in plain view; and, if directed to do so by his Probation Officer, he must notify third parties of his criminal record and his personal history or characteristics, and he must allow his Probation Officer to verify he has done so with third parties. He further alleges some additional conditions of supervised release are unreasonable: he is prohibited from associating with children; he may not utilize a computer except for business or educational purposes; he may not possess or use any electronic device capable of accessing the Internet without the prior permission of his Probation Officer; he may not purchase or possess pornography in any form; and he must participate in mental health/and or sex offender treatment and must submit to polygraph testing to determine if he is in compliance with the conditions of his release.

Palacio makes only conclusory allegations that any imposed condition fails to comport with the limitations stated in 18 U.S.C. § 3583(d). The Fifth Circuit Court of Appeals has "routinely"

upheld similar conditions of supervised release. *United States v.* Melton, ___ F. App'x ___, 2018 WL 5116557, at *4 (5th Cir. 2018). *See also United States v. Zobel*, 696 F.3d 558, 574-77 (6th Cir. 2012); *United States v. Anderson*, 664 F.3d 758, 768-69 (8th Cir. 2012); *United States v. Laureys*, 653 F.3d 27, 35 (D.C. Cir. 2011). Furthermore, the evidence produced during Palacio's revocation proceedings support the finding he poses a great risk to the public because, absent strict adherence to the imposed limitations, he will continue to attempt to sexually assault children by means of Internet communications. Notably, Palacio attempted to reoffend less than one year into his term of community supervision, notwithstanding his prior state and federal convictions for this exact same criminal behavior. Accordingly, the conditions imposed by the Court are all "reasonably related" to the relevant factors and do not involve a greater deprivation of liberty than is reasonably necessary to protect the public and deter further criminal conduct.

Palacio asserts he was not given adequate notice of the conditions of his supervised release. However, neither Rule 32 of the Federal Rules of Criminal Procedure nor the Due Process Clause require the sentencing court to give pre-sentencing notice of its intent to impose such condition when the special conditions imposed on a defendant's supervised release are consistent with those contemplated by 18 U.S.C. § 3583, are not imposed subsequent to entry of a guilty plea, and do not constitute an upward departure from the sentencing guidelines with regard to the imposed sentence. *United States v. Lamprecht*, 232 F.3d 207 (5th Cir. 2000).

### Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a § 2255 proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c) (1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2255 Proceedings, the district court

must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejects a movant's constitutional claims on the merits, "the petitioner must demonstrate [] reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal or denial of Palacio's § 2255 motion on substantive or procedural grounds, nor find the issues presented are adequate to deserve encouragement to proceed. *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Thus, a certificate of appealability shall not be issued.

## Conclusion

Accordingly,

**IT IS ORDERED** that Movant Mauro Palacio's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 [ECF No. 172] is **DISMISSED** in part for want of jurisdiction and **DENIED** in part.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**SIGNED** this the 6th day of February 2019.

_/s/ Sam Sparks_
SAM SPARKS
SENIOR UNITED STATES DISTRICT JUDGE